NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FELIX LAMBERTI-LEDEZMA,

    Petitioner,

    v.

WARDEN, FCI FORT DIX,

    Respondent.

No. 25cv1975 (EP)

OPINION

**PADIN, District Judge.**

*Pro se* Petitioner Felix Lamberti-Ledezma, a federal prisoner currently confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), submitted a *pro se* filing styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and subsequently paid the $5 filing fee. D.E. 1 ("Petition" or "Pet."). He alleges that the Federal Bureau of Prisons ("BOP") has delayed for years his total hip replacement surgery, resulting in degeneration of his other hip and both knees. Pet. at 2-4. He requests that the Court order the BOP to provide him with his requested surgery, enjoin the BOP from releasing him until he has recovered from surgery, even beyond his expiration date, and award him monetary damages. *Id.* For the reasons below, the Court will **DISMISS** the Petition ***without prejudice*** for lack of jurisdiction. Lamberti-Ledezma may file a new non-habeas civil action requesting relief for the same alleged conduct under 42 U.S.C. § 1983 ("Section 1983") and/or under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (the "FTCA").[1]

---

[1] The Court expresses no opinion on the merits of any such action.

**I.     LEGAL STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases, applicable to habeas petitions under 28 U.S.C. § 2241 pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, requires district courts to promptly review a petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**II.    ANALYSIS**

The general habeas corpus statute provides, in relevant part, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3).  A habeas petition under § 2241 is appropriate only when a prisoner challenges the legality or duration of their confinement. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Lamberti-Ledezma does not contend his confinement is unlawful and he does not seek release from prison.  Rather, he challenges the conditions of his confinement—specifically, the inadequacy of the medical care while incarcerated.  Pet. at 2-4.[2]  Accordingly, the Petition must be dismissed for lack of jurisdiction.

Challenges to conditions of a prisoner's confinement may, however, potentially be brought under 42 U.S.C. § 1983 and/or under the FTCA. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("A [Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the *conditions* of his prison life, but not to the fact or length of his custody.") (emphasis added); *Malouf v. Turner*, 814 F. Supp. 2d 454, 461 (D.N.J. 2011) (setting

---

[2] Petitioner's request for monetary damages further confirms that habeas corpus is not the proper vehicle for his claims. *Id.* at 4.  Monetary relief is not available in a habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Leamer*, 288 F.3d at 541.

2

forth the requirements for an FTCA claim against BOP and other defendants related to alleged injuries suffered during the prisoner's confinement).

### III.   CONCLUSION

For the reasons stated above, the Court will **DISMISS** the Petition *without prejudice* for lack of jurisdiction. Lamberti-Ledezma may file a non-habeas civil action requesting relief for the same alleged conduct under Section 1983 and/or the FTCA.[3] The Court notes that the total fee for filing a non-habeas civil action (such as an action under Section 1983 and/or the FTCA), including the filing administrative fees, is $405. Alternatively, a financially eligible person may file an *in forma pauperis* application under 28 U.S.C. § 1915(a), on a form provided by the Court.

An appropriate Order follows.

Dated: May 21, 2025

                                                                                           Evelyn Padin, U.S.D.J.

---

[3] There are procedural requirements which must be met prior to filing cases under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1346(b), 2671 *et seq. See, e.g.*, 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies for actions brought under Section 1983); 28 U.S.C. § 2675 (mandating that the appropriate federal agency make final disposition of a claim before an action under the FTCA be brought with respect to that claim).

3